UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
COLUMBIA

| | |
|---|---|
| Jeffrey Allen, individually and as Natural Guardian and Next Friend for A.A., <br><br> Plaintiff, <br><br> vs. <br><br> Innovative Hearth Products, LLC, <br><br> Defendants. | Civil Action No. 3:18-02377-JMC <br><br> **PLAINTIFF'S VERIFIED PETITION FOR APPROVAL OF MINOR SETTLEMENT** |

The parties have settled this action. Plaintiff/Petitioner Jeffrey Allen ("Plaintiff"), on behalf of his minor child A.A. ("A.A."), asks the Court to (1) appoint Plaintiff as *guardian ad litem* of A.A. for purposes of this settlement, and (2) approve the settlement of A.A.'s claims against Defendants in this matter on the terms summarized herein and set forth in the attached copy of the parties' Settlement Agreement (Exhibit A to the Receipt and Full, Final, and Complete Release). Plaintiff respectfully submits this Petition in accordance with Local Rule 17.02, D.S.C., and Judge Child's filing preferences.

**I.     Legal and factual basis of Plaintiff's authority to seek settlement approval.**

Plaintiff is A.A.'s natural father. A.A. is a minor under the age of eighteen (18) years and lives with her parents Jeffrey Allen and Lesleigh Allen. Plaintiff is married to A.A.'s natural mother, Lesleigh Allen, ("Mother") and she consents to Plaintiff being appointed as A.A.'s guardian ad litem for the purposes of this settlement. Plaintiff and Mother have had physical custody of A.A. from birth to the present. Plaintiff and Mother have provided for the health, safety, care, and nourishment of A.A. from birth to the present.

For these reasons, Plaintiff asks the Court to find good cause to appoint him as the *guardian ad litem* for A.A. for purposes of approval of this settlement.

Defendant Innovative Hearth Products, LLC (hereinafter "Defendant") is represented by Claude Prevost of Collins & Lacy, P.C. Defendant manufactured, designed and placed into the stream of commerce the product that is the subject of this products liability case. Jurisdiction is proper under 28 U.S.C. § 1332. All parties are properly represented and are properly before the court.

**II.     The nature of the action.**

Plaintiff's Complaint alleges that on March 17, 2017, a fireplace manufactured and sold by Defendant allegedly caused severe burns to A.A.'s when the glass cover of the fireplace detached and fell on A.A.'s leg.

Plaintiff alleges that Defendant is responsible for these damages because the fireplace was defectively designed, negligent, and breached the implied warranty of merchantability.

   a. Plaintiff alleges Defendant is strictly liable for selling a product in a defective, unreasonably dangerous condition. *See* S.C. Code § 15-73-10 et seq.; *Kennedy v. Custom Ice Equip. Co.*, 246 S.E.2d 176 (1978); *Madden v. Cox*, 328 S.E. 2d 108 (Ct. App. 1985).

   b. Plaintiff alleges Defendant was negligent in selling the unreasonably dangerous fireplace. *See Madden v. Cox*, 328 S.E. 2d 108 (Ct. App. 1985).

   c. Plaintiff allege Defendant breached the implied warranty of merchantability regarding their product. *See* S.C. Code § 36-2-314; *Madden v. Cox*, 328 S.E. 2d 108 (Ct. App. 1985).

   d. Defendant denies Plaintiff's allegations, including denying any liability or wrongdoing.

The parties mediated the case on January 29, 2020. Attorney Ben McCoy of Howser, Newman, Beasley served as the mediator.

### III.     Fairness and reasonableness of the settlement.

Plaintiff's counsel investigated the claim, drafted and filed the complaint, conducted discovery, located and retained experts, drafted motions and performed significant legal analysis regarding Plaintiff's claim. Additionally, Defendant engaged in discovery, conduct several depositions, identified experts, filed a Motion for Summary Judgment, and filed a Motion to Exclude Plaintiff's Expert Witness.

An extensive investigation has been made of the facts and circumstances surrounding the accident and the resulting injuries to the minor, and the undersigned have been fully advised of their rights and responsibilities. Plaintiff's counsel has advised Plaintiff of the various possibilities and uncertainties of trial and Plaintiff, fully informed, has decided it is in A.A.'s best interests to settle the case.

### IV.     The nature and extent of injuries.

A.A. suffered burns and related injuries to her legs, buttocks and hip areas as an alleged result of the glass door of the fireplace, which is the subject of this litigation, falling on A.A.'s legs. A.A. was treated at Lexington Medical Center and Doctors Hospital of Augusta. A.A. has made a full recovery and future medical treatment is not anticipated at this time according to A.A.'s pediatrician, Dr. Leah Smith. See attached Exhibit A.

### V.     **The amount and terms of the settlement and detailed explanation of how proceeds will be distributed.**

Plaintiff has agreed to dismissal of this action with prejudice in exchange for a monetary settlement from Defendant. There has been sought and obtained from Defendant an offer of

settlement whereby it has agreed to pay a total sum $xxx[1], inclusive of Cash and Periodic Payments outlined in Exhibit A to the Receipt and Full, Final, and Complete Release, in exchange for a Release which fully resolves all claims which A.A. and her parents may have against Defendant rising out of the aforesaid accident.

Out of the total settlement, $xxx[2], is the cost to Innovative Health Products, LLC dba IHP to provide for the schedule of future periodic payments, for the minor's sole use and benefit in consideration of a Release executed by Plaintiff Jeffrey Allen, as guardian ad litem and natural parent for A.A. The conditions of the structured settlement are set forth in attached Exhibit A to the Receipt and Full, Final, and Complete Release.

Out of the total settlement, $xxx[3], is proposed to be paid to Plaintiff Jeffrey Allen, for past medical expenses incurred by Plaintiff on behalf of A.A. for injuries sustained in the incident subject to this litigation.

Plaintiff's counsel Richardson, Patrick, Westbrook & Brickman, have earned $xxx[4], in legal fees to be paid out of the settlement proceeds. The legal fees are proposed to be paid out of the amount deposited into the escrow account. Additionally, the law firm of Richardson, Patrick, Westbrook & Brickman has incurred total costs of $xxx[5] associated with this matter. The costs are proposed to be paid out of the amount deposited into the escrow account.

In consideration of a full and complete release (attached hereto as Exhibit B), executed by Jeffrey Allen and Lesleigh Allen, individually and as the parents and natural guardians of A.A., of any and all claims which they may have arising out of the accident and injuries sustained by A.A.

---

[1] Amount is reflected in Exhibit C to be provided to Judge Childs for *in camera* review.
[2] Amount is reflected in Exhibit C to be provided to Judge Childs for *in camera* review.
[3] Amount is reflected in Exhibit C to be provided to Judge Childs for *in camera* review.
[4] Amount is reflected in Exhibit C to be provided to Judge Childs for *in camera* review.
[5] Amount is reflected in Exhibit C to be provided to Judge Childs for *in camera* review.

as a result of the accident, including but not limited to, past medical expenses, any future medical treatment, whether for conditions which are known or unknown at this time, and for any claim for lost companionship, services or society.  Notwithstanding the above, to the extent, if any, that other medical providers or any other entities whatsoever assert any valid claim or lien against the settlement proceeds paid hereunder, Petitioners, Jeffrey Allen and Lesleigh Allen, agree that they shall have sole responsibility for satisfying any such claims, and Defendant shall have no responsibility or liability for any claims, liens or medical expenses not set forth herein.

It is in A.A.'s best interests to receive future periodic payments as offered by Innovative Health Products, LLC dba IHP.  Plaintiff, petitioner, believes that the terms of the settlement are fair and reasonable and in the best interests of his child A.A., and asks the Court to approve the settlement.  The undersigned have fully and carefully considered the aforesaid settlement offer made to them individually and to Jeffrey Allen in his capacity as Guardian ad Litem for A.A., and are of the opinion that under the circumstances this offer of settlement is reasonable and proper and in the best interests of A.A., a minor, and adequately protects his interests, and that the minor has received good and adequate medical treatment for his injuries, and has obtained excellent results from such treatment.

Upon approval by the Court of the proposed settlement in this action, Plaintiff prays that he be authorized to execute a written Release prepared on behalf of A.A. in favor of Defendant, and their executors, insurers, administrators, personal representatives, successors and assigns, a copy of which is attached hereto and marked as Exhibit B.

WHEREFORE, the undersigned prays that:

1. Plaintiff is appointed as *guardian ad litem* of A.A. for purposes of this action and is authorized to consummate the settlement to execute the proper receipts and releases for all sums to be paid hereunder;

2. This court authorize and direct Defendants to pay or have paid on its behalf as set forth herein above, the total settlement proceeds of $xxx[6], inclusive of Cash and Periodic Payments outlined in Exhibit A to the Receipt and Full, Final, and Complete Release, for any and all other claims of Plaintiff and A.A, as allocated above ;

3. This court authorize Plaintiff to distribute from the total settlement proceeds the legal fees to be paid to Richardson, Patrick, Westbrook & Brickman, in the amount of $xxx[7]; plus costs and expenses in the amount of $xxx[8] to Richardson, Patrick, Westbrook & Brickman.

4. The net proceeds of the settlement outlined hereinabove are to be allocated: $xxx[9] to a structured settlement annuity for the benefit of A.A. and $xxx[10] for medical expenses incurred on behalf of minor, A.A.

5. The Settlement Agreement between Plaintiff and Defendants is approved.

6. The above-referenced action is dismissed with prejudice and without costs.

7. For any such other and further relief as this court shall deem necessary.

The court retains jurisdiction over this matter for the purpose of enabling any party to the Settlement Agreement to apply to the court for such further orders or directions as may be necessary or appropriate for the enforcement, interpretation or implementation of the Settlement Agreement.

---

[6] Amount is reflected in Exhibit C to be provided to Judge Childs for *in camera* review.
[7] Amount is reflected in Exhibit C to be provided to Judge Childs for *in camera* review.
[8] Amount is reflected in Exhibit C to be provided to Judge Childs for *in camera* review.
[9] Amount is reflected in Exhibit C to be provided to Judge Childs for *in camera* review.
[10] Amount is reflected in Exhibit C to be provided to Judge Childs for *in camera* review.

Respectfully submitted this 13th day of March, 2020.

        RICHARDSON, PATRICK, WESTBROOK &
                BRICKMAN, LLC

By: s/ Brady R. Thomas
**Brady R. Thomas** (#9623)
E-Mail: bthomas@rpwb.com
**Alonzo J. Holloway** (#12033)
E-Mail: aholloway@rpwb.com
RICHARDSON, PATRICK, WESTBROOK
& BRICKMAN, L.L.C.
1513 Hampton Street, first floor
Columbia, SC 29201
Telephone No.: (803) 541-7850
Fax No.: (803) 541-9625

ATTORNEYS FOR THE PLAINTIFF
March 13, 2020